```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
MICHELLE LARACUENTE,                                         :
                                                             :
                                  Plaintiff,                 :    No. 15-CV-09583 (OTW)
                                                             :
             -against-                                       :    **OPINION & ORDER**
                                                             :
COMMISSIONER OF SOCIAL SECURITY,                             :
                                                             :
                                  Defendant.                 :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

By motion dated May 15, 2018, plaintiff Michelle Laracuente ("Plaintiff") moves for an order awarding attorney fees pursuant to 2 U.S.C. § 406(b). (ECF 24-27).[1] Under a written contingency fee agreement ("Agreement") between Plaintiff and the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder Firm"), if the district court reviewing the Commissioner's decision remanded Plaintiff's case (it did), and if, on remand, Plaintiff secured an award of past due benefits (she has), the Binder Firm "may apply for fees . . . under 42 U.S.C. § 406" in an amount not to "exceed 25% of the back due benefits due" to Plaintiff and her family. Affirmation of Charles E. Binder dated May 15, 2019 ("Binder Aff.") (ECF 26), Ex. A. The present motion asks the Court to approve a payment of $16,742.00, representing 25% of the past due benefits awarded to Plaintiff according to the Social Security Administration ("SSA"). *See* Binder Aff. ¶¶ 12-13, Ex. C.[2] The Commissioner does not object to the requested fee award

---

[1] The parties consented to having a magistrate judge conduct all proceedings in this case pursuant to 28 U.S.C § 636(c). (ECF 19). The case was originally assigned to Magistrate Judge Andrew J. Peck, who retired in March 2018. The case was reassigned to the undersigned in December 2020.
[2] The SSA's Notice of Award dated May 7, 2018 indicates it withheld $16,742.00 from Plaintiff's past due benefits for payment of legal fees. Binder Aff., Ex. C.

but filed a brief response, noting that the Binder Firm has already been awarded $6,000.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and therefore is required to refund the smaller fee award to Plaintiff. (ECF 28). Plaintiff's motion acknowledges that the Binder Firm must refund $6,000.00 to Plaintiff if the Court grants her motion. (ECF 24). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## Discussion

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney **out of, and not in addition to, the amount of such past-due** benefits. In case of any such judgment, **no other fee may be payable or certified for payment** for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A) (emphasis added).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceeds the 25% limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall" to counsel.

2

*Wells*, 907 F.2d at 372; *see, e.g.*, *Annabi v. Comm'r of Soc. Sec.*, No. 16-CV-9057 (BCM), 2020 WL 1819783, at *1 (S.D.N.Y. Apr. 9, 2020).

Here, these factors all weigh in favor of Plaintiff's request for approval of the 25% contingency fee. The requested fee is within the statutory limit. 42 U.S.C. § 406(b)(1)(A); *see* Binder Aff. ¶¶ 12-13, Ex. C. There is no evidence that the Agreement was reached through fraud or overreaching. Additionally, the fee award does not constitute a windfall to the Binder Firm, which spent 30.70 hours on work related to this matter, Binder Decl., Ex. B, a reasonable amount of time for the work expended. *See Borus v. Astrue*, No. 09-CV-4723 (PAC) (RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (noting courts find "twenty to forty hours" to be a "reasonable amount of time to spend on routine Social Security cases"). Plaintiff's work involved drafting memoranda of law in support of Plaintiff's motion for judgment on the pleadings, which included legal research and citations to a 1424-page administrative record. (ECF 12, 14, 20). As a result of the Binder Firm's representation, Plaintiff achieved a favorable result: a remand from federal court to the SSA, which led to a subsequent favorable decision from the SSA finding Plaintiff disabled and entitled to benefits. Binder Aff., Ex. C.

Lastly, Plaintiff's counsel acknowledges (Binder Aff. ¶ 13; ECF 24) that it must return to Plaintiff the $6,000.00 that it was previously paid under the EAJA. *See Gisbrecht*, 535 U.S. at 789 ("Fee awards may be made under both [§ 406(b) and the EAJA], but the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits.").

## Conclusion

For the foregoing reasons, Plaintiff's unopposed motion is **GRANTED**. The Social Security Administration is directed to approve a payment of $16,742.00 to the Law Offices of Charles E. Binder and Harry J. Binder, LLP. Upon receipt of payment, the Binder Firm shall promptly refund $6,000.00 to Plaintiff.

**SO ORDERED.**

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: May 20, 2021
New York, New York